State, Penna. R. R. Co., pros., v. Elizabeth.

STATE, PENNSYLVANIA RAILROAD COMPANY, PROSECU-
TORS, v. LEGGETT, COMPTROLLER OF ELIZABETH.

The property belonging to the New Jersey Railroad and Transportation
Company, or its representatives, necessarily used in connection with
the railroad, in executing its purposes and objects, to accomplish
which the company was chartered, is exempt from ordinary taxation
for state or municipal purposes.

On *certiorari* to review tax.

Argued at February Term, 1879, before Justices VAN
SYCKEL, KNAPP and DIXON.

For the prosecutors, *J. H. Stone.*

For the defendant, *R. E. Chetwood.*

The opinion of the court was delivered by

KNAPP, J. The prosecutors, lessees of the United Rail-
road and Canal Company's railroad, were assessed in 1877
and 1878, for the general purposes of the city of Elizabeth,
upon three several parcels of land lying within the city limits
and adjoining the railroad of the New Jersey Railroad and
Transportation Company. These writs of *certiorari* bring
here for review the legality of these taxes.

The legislation regulating taxation of the property of the
New Jersey Railroad and Transportation Company, has re-
ceived such frequent examination, and been the subject of so
many judicial decisions in our courts, that we may, without
special reference to the cases, assert that, as the law now
stands, the property belonging to that company, or its repre-
sentatives, *necessarily used* in connection with the railroad, in
executing the purposes and objects to accomplish which the
company was chartered, is exempt from ordinary taxation for
state or municipal purposes, the tax prescribed by the

charter to be paid to the state standing in lieu of all other taxes upon such portion of its property.

In determining, therefore, the legal right of the city to tax the property in question, it needs only to ascertain whether or not it was in the necessary use of the prosecutors, as lessees, in the legitimate business of operating the railroad. As to so much of it as was thus used, it is not subject to the tax imposed. *State* v. *Mansfield*, 3 *Zab.* 510 ; *State, N. J. R. R. & Trans. Co., pros.,* v. *Hancock,* 6 *Vroom* 537.

The first parcel subjected to taxation is marked on the city tax map as lots numbered forty-six, forty-eight and fifty, on Murray street, in the city of Elizabeth. These lots lie contiguous, and are situate at the junction of the main railroad line and side tracks leading to the engine-house. The main line runs over lot forty-six, and the tracks leading to the engine-house cover forty-eight, and a side track, still farther to the west, runs over a portion of lot fifty in such manner as to leave but fifteen feet of the latter lot uncovered by actual road bed. This margin is too inconsiderable to justify the conclusion that it is not in actual use by the company, and the necessity of the tracks is manifest.

The next parcel of land taxed lies on the northerly side of Grand street, and is marked on the city tax map as numbers eleven, thirteen and fifteen, on West Grand street. They together form a triangular plot, lying easterly of and adjoining the baggage-room, depot and telegraph office at the Broad street station. On the easterly portion of the track on the part marked as number eleven, is a building for the storage of railroad freight, baggage and railroad implements, and the space intervening this latter structure and the depot buildings was used as a way for carriages and vehicles to leave and take up baggage and passengers when these taxes were laid, and continues to be so used.

The third tract of land is a triangular lot adjoining the station at South Elizabeth, and is part of a larger tract donated to the company for the purposes of a station, and upon which the station and platforms are constructed. One-

side of the triangle lies along the southerly line of South street, and another side along the rear platform of the station. Platforms extend to the line of South street, and may be reached by vehicles or foot passengers directly from the street, but the company, instead of using the public street for such purposes, has reserved the portion of the tract unoccupied by these buildings, being the part subjected to taxation, as a way for carriages and vehicles with passengers and freight to reach the station by its rear platform. By this provision of the company there is avoided both obstruction of the public street and, to some extent, exposure of horses to passing trains. The city claims that this use of the land is not a necessary one, or at least not necessary to the whole extent of the lands appropriated. Perhaps this land is not *indispensably* necessary to the company in the operation of its road; it might use the public street in receiving and delivering passengers and freight, or it might cut off from this use fifty or sixty feet of this triangle and still retain a way to its depot, but indispensability is not the test whereby to determine what property in use will be exempt from taxation. *State* v. *Hancock, ubi supra.*

The company may and should consult the safety and comfort of its passengers as well as its own convenience and safety in the operations of its road, and may hold and use such property as experience and judgment suggest as appropriate to those ends; and, when it becomes necessary, to acquire and hold lands for purposes legitimately belonging to the exercise and enjoyment of its franchises. Something must be left to its reasonable discretion as to position and the quantity best suited to accomplish its object. If it be conceded or shown that lands held are devoted to a proper and legitimate use, before it should be taxed for an excess in the quantity actually used, the unreasonableness of the amount should be manifest or more clearly shown than it is in this case.

From the testimony of the single witness sworn, I am led to the conclusion that all the property taxed was in use by,

and was legally necessary for, the company in the legitimate operations of its road, and that the quantity of lands so in use was not unreasonable; therefore the taxes must be set aside, with costs.